IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DANIKA KENNEDY**                                                                                  **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:23-cv-493-KHJ-MTP**

**CITY OF MERIDIAN and**
**CHIEF DEBORAH YOUNG**                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute and failure to comply with the Court's prior orders. Having considered the record and the applicable law, the undersigned recommends that this action be dismissed with prejudice.

On July 31, 2023, Plaintiff, though counsel, filed this action arising from the shooting death of Debra Kennedy. Plaintiff named as defendants the City of Meridian and Police Chief Deborah Young.

On March 22, 2024, Plaintiff's counsel, Aafram Sellers and Shequeena McKenzie, filed a Motion to Withdraw [29], seeking to withdraw as counsel of record for Plaintiff. The Court provided Plaintiff an opportunity to file a response,[1] but Plaintiff did not respond to the Motion [29].

On May 20, 2024, the Court granted the Motion to Withdraw [29] and ordered Plaintiff to obtain new counsel or advise the Court in writing that she intends to proceed *pro se* by June 21, 2024. *See* Order [37]. The Court warned Plaintiff that her failure to obtain counsel or to inform the Court of her intention to proceed without an attorney could result in the dismissal of her

---

[1] *See* Order [36].

claims with prejudice or otherwise adversely affect her rights. *Id*. Plaintiff failed to comply with the Court's Order [37].

Thus, on June 26, 2024, the Court entered an Order [38] directing Plaintiff to show cause, in writing, why this action should not be dismissed for failure to prosecute and failure to comply with Order [37]. The Court directed Plaintiff to respond to the Order to Show Cause [38] on or before July 10, 2024, and advised Plaintiff that her failure to comply with the Court's Order [38] or to show good cause may result in the dismissal of this action. Plaintiff failed to respond to the Order [38]. Plaintiff has not filed anything of record since her counsel moved to withdraw on March 22, 2024.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). As Plaintiff has not responded to multiple Court orders and has not otherwise pursued this matter, Rule 41(b) dismissal is appropriate.

## RECOMMENDATION

As Plaintiff has failed to prosecute this action and comply with the Court's Orders, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 16th day of July, 2024.

s/ Michael T. Parker
United States Magistrate Judge