UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DANIKA KENNEDY                                                               PLAINTIFF

V.                                      CIVIL ACTION NO. 3:23-CV-493-KHJ-MTP

CITY OF MERIDIAN, et al.                                    DEFENDANTS

ORDER

Before the Court is the [39] Report and Recommendation of Magistrate Judge Michael T. Parker. The Report recommends dismissing this action under Rule 41(b). The Court adopts the Report and dismisses this action without prejudice.

Plaintiff Danika Kennedy's lawsuit alleges that police wrongfully shot and killed her mother. *See* Compl. [1]. During discovery, Kennedy's counsel moved to withdraw. *See* [29]. The Court ordered Kennedy to respond to the motion, [36], but Kennedy failed to do so. The Court then granted the motion to withdraw and ordered Kennedy either "to obtain substitute counsel and have counsel enter an appearance in this matter or to advise the Court in writing that she intends to proceed without an attorney." [37] at 2 (emphases omitted). Kennedy did neither. The Court then ordered Kennedy to show cause as to why it should not dismiss this lawsuit for failure to prosecute and comply with the Court's Orders. [38]. Again, Kennedy failed to respond.

The Report recommends dismissing this action without prejudice under Rule 41(b). [39] at 2–3 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962)).[1] The Report notified Kennedy that failure to file written objections would bar further appeal in accordance with 28 U.S.C. § 636. *See id.* at 3.

When no party objects to a magistrate judge's report, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Instead, the Court can apply the clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Kennedy did not object to the Report, and the time to do so has passed. The Court finds that the Report is not clearly erroneous or contrary to law. So the Court adopts the Report as the opinion of this Court.

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court ADOPTS the [39] Report and Recommendation of Magistrate Judge Michael T. Parker; and DISMISSES this action without prejudice under Rule 41(b). The Court will issue a separate final judgment consistent with this Order.

---

[1] The first page of the Report recommends dismissal "with prejudice," but the last page recommends dismissal "without prejudice." [39] at 1, 3.

Dismissal without prejudice is appropriate here. "[D]elay which warrants dismissal with prejudice must be longer than just a few months." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (quotation omitted). Kennedy's delay lasted just a few months. *See* Resp. [35] (first filing sent to Kennedy's "correct address"). This record does not warrant the "extreme sanction" of dismissal with prejudice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quotation omitted); *see also Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) ("Lesser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice.").

SO ORDERED, this 2nd day of August, 2024.

                                                    s/ *Kristi H. Johnson*
                                                  UNITED STATES DISTRICT JUDGE